ON EX PROPRIO MOTU RULE TO DISMISS APPEAL
SAMUEL, Judge.
This suit for workmen’s compensation, the trial of which has not as yet been had, was filed in the Civil District Court for the Parish of Orleans. Plaintiff filed a motion to recuse the judge to whom the case was allotted. That judge ordered reallotment of the motion by the clerk of court for trial by another judge. In due course, after a hearing on the matter,[1] the judge to whom the motion had been reallotted, another judge of the Civil District Court for the Parish of Orleans, rendered judgment dismissing the motion. Plaintiff appealed from that judgment.
Our examination of the record indicated an apparent lack of jurisdiction over the appeal. Accordingly, we issued a rule, ex *684 proprio motu, ordering the appellant to show cause why the appeal should not be dismissed for lack of jurisdiction on the following ground:
“The refusal to recuse another judge may be an interlocutory judgment which is not appealable unless the plaintiff can demonstrate irreparable injury. See CCP 2083.”
The appellant has responded and the question of whether or not the appeal should be dismissed is the only matter before us at this time.
The motion alleges the judge sought to be recused is sitting “without legal right” and that he is biased against the attorney for the appellant, which bias “results from said attorney’s efforts to remove said judge” from office.[2]
The following articles of the Code of Procedure are applicable:
“An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury.” LSA-C. C.P. Art. 2083.
“A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.
A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
A judgment that determines the merits in whole or in part is a final judgment.” LSA-C.C.P. Art. 1841.
Under the clear provisions of the above quoted article 1841 the judgment here appealed from is an interlocutory judgment as it determined only a preliminary matter and did not determine the merits of the case. And under the equally clear provisions of the above quoted article 2083, an appeal may be taken from this interlocutory judgment only if it causes irreparable injury. Appellant’s response fails to show any irreparable injury.
Accordingly, this appeal from the judgment dismissing the motion to recuse is dismissed.

APPEAL DISMISSED.

. The hearing was on argument (by appellant’s attorney) only; no evidence was offered.

. Small v. Levy, La.App., 355 So.2d 643 (writ refused La., 361 So.2d 450), which affirmed the trial court judgment dismissing the suit.